IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DORTON, | No. C-98-2003 MMC |
| Petitioner, | **ORDER DENYING WITHOUT PREJUDICE PETITIONER'S APPLICATION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| KATHLEEN DICKINSON, | |
| Respondent / | |

Before the Court is petitioner Jason Dorton's ("Dorton") Application for Appointment of Counsel, filed November 6, 2009. Having read and considered the application, the Court rules as follows.

A district court may appoint counsel for a person seeking relief under 28 U.S.C. § 2254 who is "financially unable to obtain adequate representation," where "the interests of justice so require" such appointment. See 18 U.S.C. §§ 3006A(a), 3006A(a)(2). In determining whether the interests of justice require appointment of counsel for an indigent petitioner, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Dorton, in support of the instant application, asserts he is indigent, and has offered evidence to establish his indigency. Dorton has not, however, addressed the other

factors identified in Weygandt, and, consequently, the Court is unable to determine whether the interests of justice require appointment of counsel.[1]

Accordingly, the application is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: February 2, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] Dorton's application asserts that counsel has been appointed for Kevin Phelps, the petitioner in Phelps v. Alameida, Case No. 98-2002 MMC, a related case. Although counsel was appointed for such petitioner, the appointment therein was for purposes of his appeal in the Ninth Circuit; such petitioner has not sought appointment of counsel in the underlying district court proceedings.

2