**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DORTON, | No. C-98-2003 MMC |
| Petitioner, | **ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| KATHLEEN DICKINSON, | |
| Respondent / | |

Before the Court is petitioner Jason Dorton's ("Dorton") Renewal of Administrative Motion for Appointment of Counsel, filed April 7, 2010.[1] Having read and considered the motion, the Court rules as follows.

A district court may appoint counsel for a person seeking relief under 28 U.S.C. § 2254 who is "financially unable to obtain adequate representation," where "the interests of justice so require" such appointment. See 18 U.S.C. §§ 3006A(a), 3006A(a)(2). In determining whether the interests of justice require appointment of counsel for an indigent petitioner, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

---

[1] The Court notes that the above-referenced filing is not in conformity with the Local Rules of this District. See Civil L.R. 3-4(c)(2) (providing "text must be no less than . . . 12-point type in the Courier font or equivalent").

Here, by order filed April 2, 2010, the Court denied without prejudice Dorton's application for appointment of counsel, finding that although Dorton had demonstrated he is financially unable to retain counsel, Dorton had not addressed the other factors identified in Weygandt.

In the instant renewed motion, Dorton addresses the factor of "likelihood of success on the merits" by asserting, without analysis, that "he has presented a colorable claim." (See Mot. at 3:24.)  With respect to the issue of whether Dorton, if he proceeded without the assistance of counsel, would have the ability to articulate his claims as a pro se litigant in light of the complexity involved, Dorton notes that one of the issues presented herein "involve[s] newly discovered evidence," specifically, evidence in the form of declarations from three individuals who did not testify at trial (see Mot. at 4:2-16); Dorton argues that an "investigation will be required to locate [the] three witnesses" (see id. at 4:22), and states that an incarcerated person cannot undertake such investigation.[2]  Dorton further states that the declarations were obtained over a decade ago, and he does not know whether the declarants presently reside at their last known addresses.

Assuming, arguendo, Dorton's claims, or any of them, are colorable, Dorton fails to demonstrate that he requires the assistance of counsel to present such claims at this stage of the proceedings.  Although Dorton's argument that an incarcerated person is not in a position to conduct an investigation as to the current whereabouts of the three declarants is not without force, no such investigation has been shown to be necessary at present, as there is no showing that the witnesses are not at their last known addresses or otherwise readily capable of being located.  Further, to the extent Dorton may at some point seek discovery, whether in aid of locating any such witness or for some other purpose, Dorton has not sought, much less obtained, leave to conduct discovery. See Rule 6(a) of the Rules Governing Section 2254 Cases (providing court "must appoint an attorney" for

---

[2] Dorton also argues that although members of his family had paid for the services of counsel, the retainer has been exhausted.  As noted above, however, the Court has previously found that petitioner lacks resources to retain counsel.

indigent petitioner "if necessary for effective discovery"). Finally, and of particular significance, the Court has not yet determined whether an evidentiary hearing is warranted. See Rule 8(c) of the Rules Governing Section 2254 Cases (providing court "must appoint an attorney" for indigent petitioner if "an evidentiary hearing is warranted").

Accordingly, the renewed motion is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: May 10, 2010

MAXINE M. CHESNEY
United States District Judge